United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 18, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Orb Energy Co., | § | Case No. 25-80363 |
| | § | |
| *Debtor.* | § | |

## COMBINED AGREED ORDER ON (1) BITMAIN TECHNOLOGIES GEORGIA LIMITED'S MOTION (I) TO CONFIRM INAPPLICABILITY OF THE AUTOMATIC STAY, (II) IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY, (III) TO GRANT ACCESS TO BITMAIN'S PROPERTY, AND (IV) FOR RELATED RELIEF [ECF NO. 13]; (2) DEBTOR'S MOTION FOR AUTHORITY TO ASSUME INTEGRATED EXECUTORY CONTRACTS AND TO DETERMINE CURE AMOUNT PURSUANT TO 11 U.S.C. § 365 [ECF NO. 3]; AND (3) DEBTOR'S EMERGENCY MOTION TO DISMISS BANKRUPTCY CASE [ECF NO. 110]

Upon consideration of (1) *Bitmain Technologies Georgia Limited's Motion (I) to Confirm Inapplicability of the Automatic Stay, (II) in the Alternative, for Relief from the Automatic Stay, (III) to Grant Access to Bitmain's Property, and (IV) for Related Relief* [ECF No. 13] (the "**Motion to Confirm Inapplicability**"); (2) *Debtor's Motion for Authority to Assume Integrated Executory Contracts and To Determine Cure Amount Pursuant to 11 U.S.C. § 365* [ECF No. 3] (the "**Motion to Assume**"); and (3) *Debtor's Emergency Motion to Dismiss Bankruptcy Case* [ECF No. 110] (the "**Motion to Dismiss**"); and for the reasons set forth in the Court's *Memorandum Opinion* [ECF No. 105] (the "**Opinion**") issued on December 15, 2025, the Court hereby makes and issues the following findings of fact, conclusions of law, and order:

I.  **FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

1. The findings and conclusions set forth in the Opinion constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure and Rules 7052 and 9014 of the Federal Rules of Bankruptcy

1

Procedure. To the extent any of the conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

2. Notwithstanding any findings of fact and conclusions of law to the contrary herein, if there is any direct conflict between the findings of fact and conclusions of law in this Order and the Opinion, the terms of the Opinion shall control.

## II.  ORDER

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and constitute findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. To the extent any finding of fact is determined to be a conclusion of law, it is deemed so, and vice versa.

2. Bitmain Technologies Georgia Limited's ("*Bitmain*") Motion to Confirm Inapplicability is **GRANTED** as set forth herein.

3. Orb Energy Co.'s ("*Orb*") Motion to Assume is **DENIED AS MOOT**.

4. Orb's motion to Dismiss is **GRANTED** as set forth herein.

5. The automatic stay under 11 U.S.C. § 362 does not apply to Bitmain's hydro cooling containers, Bitcoin mining servers, and Bitcoin that are currently in Orb's possession, custody, or control.

6. Orb shall transfer, within six (6) hours of entry of this Order, to Bitmain all Bitcoin mined using Bitmain's equipment in Orb's possession, custody, or control, including but not limited to the twenty-three (23) Bitcoin Orb has stated it is holding, to a wallet address provided by Bitmain.

7. Bitmain is granted immediate access to Orb's facility in Van Vleck, Texas, including but not limited to the hydro cooling containers and Bitcoin mining servers, for the purpose of removing Bitmain's property from Orb's facility. Bitmain shall remove its property from Orb's facility within ten (10) days after entry of this Order, unless extended by this Court. Orb shall not interfere with Bitmain's efforts to access and remove such property and shall cooperate as necessary to facilitate the removal.

8. Orb shall have ten (10) days to file its November and December Monthly Operating Reports and to pay the estimated United States Trustee's Fees for such months.

9. None of the case professionals shall be required to file final fee applications with all such incurred fees and expenses hereby being approved on a final basis: (a) Hughes, Watters Askanase, LLP is hereby awarded $85,000.00 in professional fees and expenses, for which it may apply its currently held $69,485.00 pre-petition security retainer in partial satisfaction; and (b) Ken Wood & Associates, LP's pending retention application is hereby approved and is hereby awarded $25,000.00 in professional fees and expenses, for which it may apply its security retainer to satisfy such award.

10. This Order is effective immediately upon entry.

11. This Court shall retain jurisdiction to enforce this Order.

12. The Clerk shall close this case upon the expiration of fourteen (14) days from entry of this Order.

Signed: December 18, 2025

*[signature]*
Alfredo R Pérez
United States Bankruptcy Judge

AGREED AS TO FORM AND SUBSTANCE:

By: */s/ Steven Shurn*
**STEVEN SHURN**
Texas Bar No. 24013507
Email: sshurn@hwa.com
**HUGHESWATTERSASKANASE, LLP**
TotalEnergies Tower
1201 Louisiana, 28th Floor
Houston, Texas 77002
Tel: 703-590-4200
Fax: 703-590-4230
*Attorney for Orb Energy Co.*

By: */s/ Jacob Sparks*
**JACOB SPARKS**
Texas Bar No. 24066126
Email: Jacob.Sparks@NelsonMullins.com
**XENNA K. DAVIS**
Texas Bar No. 24132037
Email: Xenna.Davis@NelsonMullins.com
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Tel: (469) 484-4758
Fax: (469) 828-7217

**KASI CHADWICK**
Texas Bar No. 24087278
Email: Kasi.Chadwick@NelsonMullins.com
**MIRANDA GRANCHI**
Texas Bar No. 24120862
Email: Miranda.Granchi@NelsonMullins.com
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
1111 Bagby Street, Suite 2100'
Houston, Texas 77002
Tel: (346) 646-3221
Fax: (346) 241-3748
*Attorneys for Bitmain Technologies Georgia Limited*